IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BILLY J. CROPLEY,                          Civ. No. 05-6366-HO

        Plaintiff,               ORDER

   v.

OFFICER K. ETTNER, et al.,

        Defendants.


The complaint alleges seventeen federal and state law claims stemming from plaintiff's arrest for violating a stalking protective order (SPO) prohibiting him from sending written communication in any form to his ex-spouse.  Plaintiff was arrested and a criminal information was filed after plaintiff mailed a notice of appeal from the SPO to his ex-spouse.  The contempt charges were dismissed in the interest of justice. Defendants state of Oregon and Josephine County Deputy District Attorney Jonathan Char filed a motion to dismiss for failure to state a claim upon which relief may be granted.  Defendants City of Grants Pass and Grants Pass Department of Public Safety

Officers Kristen Ettner and Jim Hamilton filed a motion for summary judgment.

The motions are granted for the following reasons: the individual defendants are entitled to qualified immunity against plaintiff's federal claims; the Eleventh Amendment of the United States Constitution bars federal court adjudication of claims for damages against the state of Oregon; plaintiff has no direct cause of action under the Oregon Constitution; the individual defendants are not proper defendants to claims governed by the Oregon Tort Claims Act (OTCA); and plaintiff did not timely file claims governed by the OTCA.

### Standards

In resolving a motion to dismiss for failure to state a claim, the court accepts the factual allegations of the complaint as true, views the pleadings in the light most favorable to the plaintiff, and dismisses the complaint only if it appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief. Doe v. United States, 419 F.3d 1058, 1062 (9th Cir. 2005). Summary judgment is appropriate if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

### Facts

The following statement of facts consists of undisputed facts and plaintiff's version of the disputed facts.

2 - ORDER

On November 13, 2003, the Circuit Court of the State of Oregon for Josephine County issued an SPO prohibiting plaintiff from "sending or making written communication in any form" to his ex-spouse.  During the SPO proceedings, plaintiff and his ex-spouse contested whether plaintiff learned his ex-wife's address and caused her to receive mail at the address, rather than at her post office box.

A federal district court probation order dated March 12, 2002 provides that plaintiff "shall have no contact with his ex-wife, . . . without prior approval of the probation officer.  An April 1, 2003 restraining order issued by the Josephine County Circuit Court restrained plaintiff from "contacting, or attempting to contact [plaintiff's ex-spouse] by mail (except to send a court-ordered emergency monetary assistance payment(s))."

Officers Minor and Hamilton of the Grants Pass Department of Public Safety questioned plaintiff on November 7, 2003, about plaintiff sending his ex-wife a copy of his response to a motion to quash filed in Josephine County Circuit Court Case No. 03-cv-0513.  Plaintiff explained to the officers that his ex-wife did not have an attorney and that he was required by Oregon Rules of Civil Procedure to mail the document to her.  Plaintiff provided the officers with a copy of pertinent sections of the Oregon Rules of Civil and Appellate Procedure.

On November 21, 2003, plaintiff deposited in the mail,

3 - ORDER

addressed to his ex-spouse, a copy of the notice of appeal from
the SPO.

On December 1, 2003, plaintiff's ex-wife filed a complaint
with the Department of Public Safety alleging that plaintiff
violated the SPO and restraining order by sending her a copy of
the notice of appeal.  Plaintiff's ex-spouse spoke with Officer
Ettner and explained the particulars of the SPO and the mailing.
The mailing included a copy of the notice of appeal and nothing
else.

On December 1, 2003, Ettner and Hamilton questioned
plaintiff regarding the mailing of the notice of appeal from the
SPO.  Plaintiff admitted mailing a copy of the notice of appeal
to his ex-wife.  Plaintiff explained to the officers that he was
required by the Oregon Rules of Appellate Procedure to send his
ex-wife a copy of the notice of appeal.  Plaintiff provided the
officers with another copy of the portion of the appellate rules
he had previously furnished to Minor and Hamilton.

After plaintiff furnished Ettner with a copy of the
applicable rules, Ettner left the meeting for some time.  Upon
her return, Ettner told plaintiff she had discussed the matter
with a district attorney.  Ettner left plaintiff two more times.
Ettner told plaintiff she spoke with four different attorneys
from the Josephine County District Attorney's office.  Ettner
informed plaintiff that he had technically violated the SPO.

4 - ORDER

Ettner then asked Hamilton if she should arrest plaintiff. Hamilton replied in the affirmative.  Ettner arrested plaintiff and lodged him in the Josephine County jail.  Hamilton has the authority to direct Ettner in the performance of Ettner's duties.

Ettner testified that she believed she reviewed the Oregon and United States Constitutions in a constitutional law class, and that she does not know how often the department offers classes on updates of the law.  Smith Decl., ex. 1 at 9, 18. Hamilton testified that he has not read the Oregon and United States Constitutions in their entirety.  Smith Decl., ex. 2 at 19.   Hamilton is aware that there is an appeals process.  Smith Decl., ex. 2 at 33.

<u>Discussion</u>

I.  <u>Section 1983</u>

Plaintiff alleges that Char, Ettner and Hamilton deprived him of his Fourth Amendment right to be free from unreasonable seizure and his Fifth Amendment[1] right to due process by causing him to be unreasonably seized without probable cause to believe he committed a crime, in violation of 42 U.S.C. § 1983. Complaint at 6, 7, 13, 15, 25, 27.  Plaintiff alleges that these

---

[1]The individual defendants initially point out that the Fifth Amendment does not apply to them.  Notwithstanding that he captioned his due process claims under the Fifth Amendment, language in the complaint also implicates the Fourteenth Amendment.  Complaint, ¶¶ 30, 65, 113.  In any event, the individual defendants are not prejudiced by plaintiff's references to the Fifth Amendment.

5 - ORDER

defendants knew or should have known that plaintiff was required to mail the notice of appeal in order to perfect the appeal, and that mailing the notice of appeal did not establish probable cause for an arrest.  Complaint, ¶¶ 22, 23, 31, 32, 57, 58, 66, 67, 105, 106, 114, 115.

The individual defendants contend they are entitled to qualified immunity against plaintiff's Section 1983 claims. Taking the allegations of the complaint as true, the court must determine wether the defendants' alleged conduct violated plaintiff's rights to be free from unreasonable seizures and to due process, and if so, whether the rights were clearly established so as to put the defendants on notice that their conduct was unlawful in the situation they confronted.  <u>Bingham v. City of Manhattan Beach</u>, 341 F.3d 939, 945-46 (9th Cir. 2003).

Plaintiff argues that the SPO contravenes his right to appeal, is therefore prohibited, and an objectively reasonable official in the defendants' position could not have probable cause to believe plaintiff committed a crime.  Pl's Response at 2-4.  The state may obtain a criminal contempt conviction for violation of an injunction that is vague, overbroad, or that appears to infringe constitutional rights.  See <u>Walker v. City of Birmingham</u>, 388 U.S. 307 (1967).  Plaintiff concedes that he violated the terms of the SPO when he mailed a copy of the notice of appeal to his ex-spouse.  Taking the allegations of the

6 - ORDER

complaint as true, Char, Ettner and Hamilton had probable cause
to believe plaintiff violated the SPO.  When an officer also has
probable cause to believe the SPO has been filed according to
statute, Oregon law requires an arrest.  See Or. Rev. Stat. §
133.310(3).  Plaintiff identifies no procedure that the
individual defendants failed to follow.  The alleged conduct of
the individual defendants does not violate plaintiff's rights to
be free from unreasonable seizure and to due process.

Even if the complaint stated a claim against the individual
defendants for deprivation of plaintiff's rights to be free from
unreasonable seizure and to due process, the law was not so
clearly established so as to put the defendants on notice that
their conduct was illegal in the situation they confronted.  The
parties cite to no cases holding that a person is subjected to an
unreasonable seizure or a denial of due process when the person
is arrested for violating an overbroad or erroneous order, and
the court finds no such cases.  The court cannot say that it was
objectively unreasonable in the situation confronted by the
individual defendants to believe that plaintiff probably violated
the SPO by mailing the notice of appeal to his ex-spouse.  The
SPO prohibited plaintiff from sending written communication in
any form to his ex-spouse.  The individual defendants are
entitled to qualified immunity against plaintiff's first, second,
sixth, seventh, twelfth and thirteenth claims.

II.  <u>Oregon Constitution and Oregon Tort Claims Act</u>

The remaining claims consist of claims under the Oregon Constitution against the individual defendants, a claim of false imprisonment against Ettner, and claims for respondeat superior and negligence against the City of Grants Pass and the state of Oregon.  Plaintiff concedes that his claims under the Oregon Constitution are not cognizable.  Plaintiff contends that the factual allegations of these claims establish violations of the United States Constitution.  Plaintiff asks the court for permission to amend his pleadings to assert tort claims under the OTCA for the unconstitutional conduct of the individual defendants.  Amendment would be futile.  As discussed above, the alleged conduct of the individual defendants does not violate any federal constitutional right identified by plaintiff.  Plaintiff may not sue the individual defendants under the OTCA.  Or. Rev. Stat. § 30.265.  For this reason, plaintiff's fifth claim against Ettner for false imprisonment is also not cognizable.

Furthermore, plaintiff may not substitute the state of Oregon for Char because the Eleventh Amendment bars federal court adjudication of citizens' claims for damages against states.  <u>Estate of Pond v. Oregon</u>, 322 F. Supp. 2d 1161, 1165 (D. Or. 2004).  The state has not waived Eleventh Amendment immunity in this case.  For the same reason, plaintiff's sixteenth and seventeenth claims against the state of Oregon are also barred.

8 - ORDER

Plaintiff may not substitute the City of Grants Pass for Officers Ettner and Hamilton because the resulting OTCA claims would not be timely filed.  The court agrees with defendant that it should look to state law to determine the timeliness of a state law cause of action.  Pelster v. Walker, 185 F. Supp. 2d 1174, 1180 (D. Or. 2004).  Plaintiff had two years from his arrest on December 1, 2003, to commence state law claims against the City of Grants Pass for the conduct of Ettner and Hamilton.  Or. Rev. Stat. 30.275(9); see Benson v. State, 100 P.3d 1097 (Or. App. 2004).  For the purpose of determining whether an action is commenced within the time limited, an action is deemed commenced as to a defendant when the complaint is filed and the summons served, except that an action will be deemed commenced when the complaint is filed if the summons is served before the expiration of 60 days after the date on which the complaint is filed.  Or. Rev. Stat. § 12.020; ORCP 3; Pelster, 185 F. Supp. 2d at 1180.  The case file and electronic docket establish that plaintiff filed the complaint one year and 364 days after his claims accrued, but that plaintiff did not serve defendants with summonses before the expiration of 60 days after the date on

///


///




9 - ORDER

which the complaint was filed.  Claims under the OTCA stemming from plaintiff's arrest are therefore time-barred.

None of plaintiff's seventeen claims survive defendants' motions.

<u>Conclusion</u>

Based on the foregoing, the county defendants' motion for summary judgment [#14] is granted; the state defendants' motion to dismiss [#21] is granted.  This action is dismissed.

IT IS SO ORDERED.

DATED this <u>  11th </u> day of August, 2006.


<u>  s/ Michael R. Hogan      </u>
United States District Judge

10 - ORDER